IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| Christopher-Michael Williams, | : | |
| | : | Case No. 2:23-cv-1042 |
| Plaintiff, | : | |
| v. | : | Judge Graham |
| | : | |
| Warden, Chillicothe Correctional Institution, et al., | : | Magistrate Judge Jolson |
| | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court upon Plaintiff Christopher-Michael Williams' objection to the Magistrate Judge's Report and Recommendation ("R&R"). The R&R, filed February 2, 2024, recommended that all of Plaintiff's claims against all Defendants be dismissed, with the sole exception of one claim against Defendant Mike Davis. ECF No. 30. Plaintiff filed his objection on February 7, 2024, objecting specifically to the dismissal of Defendant Alfred Marcus as to Plaintiff's claim that he had been wrongfully denied kosher meals, but otherwise accepting the conclusions of the Magistrate Judge. ECF No. 31. For the reasons that follow, Plaintiff's objection is hereby **OVERRULED**; the Court **ADOPTS** the recommendations of the Magistrate Judge that Defendants' motion to dismiss be **GRANTED** in part and **DENIED** in part.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in favor of the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

[1]

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Consequently, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. Id. (quoting *Twombly*, 550 U.S. at 555). While the Court holds pleadings by pro se individuals "to less stringent standards than formal pleadings drafted by lawyers," the complaint must still "contain either direct or inferential allegations respecting all the material elements" of a plaintiff's claims to survive a motion to dismiss. *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (internal quotations omitted). In sum, although pro se complaints are construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

If a party raises timely objections to the report and recommendation of a magistrate judge, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When no objections are timely filed, a district court reviews a magistrate judge's report and recommendation for clear error. Fed. R. Civ. P. 72, advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

As noted *supra*, Plaintiff objects solely to the recommendation that Defendant Marcus be dismissed as to Plaintiff's claim that he was denied kosher meals. Pl.'s Obj. 1, ECF No. 31. As set forth in the R&R, "Plaintiff must also establish that Defendant Marcus was personally involved

[2]

in the denial of his kosher meal request." R. & R. 6, ECF No. 30. The Magistrate Judge determined that Plaintiff did not meet this burden, as the amended complaint made clear that the ultimate decision maker as to Plaintiff's kosher meal request was Defendant Mike Davis, the Religious Services Administrator. In contrast, while Defendant Marcus, a prison chaplain, recommended the denial, a non-binding recommendation such as that is not "sufficient personal involvement to state a claim under either Section 1983 or [the Religious Land Use and Institutionalized Persons Act ("RLUIPA")]." *Id.* at 8. Furthermore, the Magistrate Judge observed that the recommended dismissal of Defendant Marcus was consistent with a case in this district which determined, upon similar facts, that a deputy warden's lack of decision-making authority on the request at issue necessitated his dismissal from the suit. *Id.* at 7 (citing *Prim v. Jackson*, 2015 WL 11198054 (S.D. Ohio Mar. 16, 2015).

Plaintiff contends that, notwithstanding his lack of decision-making authority, Defendant Marcus' failure to "send up" the kosher meal request to Defendant Davis for over nine (9) months constituted sufficient personal involvement in the denial of Plaintiff's request for liability to attach. Pl.'s Obj. 2. Plaintiff first submitted a request for religious accommodation on January 24, 2022. Am. Compl. at Ex. 1, 1, ECF No. 19. For over eight (8) months thereafter, Plaintiff repeatedly attempted to check on the status of his request, primarily by communicating with Defendant Marcus, without success. On October 25, 2022, Defendant Corby Free wrote to Plaintiff to say "Your request for religious accommodation *has been referred* to RSA Davis. I emailed him and he stated your request is under review." *Id.* at Ex. 1, 6 (emphasis supplied).

Plaintiff interprets Defendant Free's message to mean that the request for religious accommodations was *not referred until* October 25, when the above exchange occurred. But that is not what Defendant Free communicated. By stating that Plaintiff's request "has been referred,"

[3]

Defendant Free merely conveyed that the request had been referred at some point in the past. *Id.* Beyond that, Defendant Free's message was ambiguous as to when, specifically, the request was referred: the message is equally true if the request had been referred only that morning, as Plaintiff contends, or if it had been referred shortly after Defendant Marcus first received it in January 2022, as additional materials attached to the amended complaint tend to indicate.

Exhibit 3 of Plaintiff's amended complaint is a DRC form titled "Response to Request for Religious Accommodation." *Id.* at Ex. 3. This document appears to show that Plaintiff made his request on January 24, 2022. *Id.* Next, under the heading "Chaplain Recommendation," there are two paragraphs describing Plaintiff's request, concluding with:

> Due to a lack of adequate evidence showing the basis or the sincerity of [Plaintiff's] request, I hereby do not recommend this request for kosher meals. However, 72-Reg-02.VI.H states that new dietary requests are to be referred to the religious services administrator. Therefore, I will forward this to the RSA for the final decision.

*Id.* Defendant Marcus' signature appears below this recommendation in a field labeled "Chaplain's Signature," and, critically, the date is listed as "2/1/2022," little more than a week after Plaintiff first made his request. *Id.* The document additionally shows a response from the "Accommodation Review Committee," dated May 20, 2022, and a response from the Warden, dated June 1, 2022 (both referring the matter to RSA). *Id.*

Thus, Exhibit 3 to Plaintiff's amended complaint undermines his claim that Defendant Marcus "never sent the request" to Defendant Davis (Pl.'s Obj. 2), a claim which Plaintiff bases on a statement by Defendant Free that in fact communicated the opposite: "Your request for religious accommodation has been referred to RSA Davis." Am. Compl., Ex. 1, 6. Plaintiff has marshalled evidence before the Court which simply does not support the reasonable inference that

[4]

Defendant Marcus failed to refer the kosher meal request, the central premise of Plaintiff's theory of liability as to Defendant Marcus.

Plaintiff has alternatively argued that Defendant Marcus deprived Plaintiff of an opportunity to, essentially, correct Defendant Marcus' impression of the sincerity of Plaintiff's religious beliefs. As noted, Defendant Marcus referred Plaintiff's request on February 1, 2022, shortly after it was made. In that referral, Defendant Marcus expressed his recommendation that the request be denied due to the lack of evidence supporting the sincerity of Plaintiff's beliefs. *Id.* at Ex. 3. Though Plaintiff continued to inquire about his request for months, Defendant Marcus made no indication that he had recommended denial of the request until July 2022. *Id.* at Ex. 2, 4. Plaintiff's frustration is understandable, but given that Defendant Marcus did not hold final decision-making authority, and that the request procedure appears to have been proceeding through the appropriate channels en route to a final decision-maker (Defendant Davis), the circumstances do not describe a constitutional violation by Defendant Marcus.

## **CONCLUSION**

For the foregoing reasons, upon *de novo* review, the Court finds that Plaintiff's objection (ECF No. 31) to the Magistrate Judge's Report & Recommendation (ECF No. 30) is without merit and is therefore **OVERRULED**. The Court further finds no clear error in the unchallenged portions of the Report & Recommendation, and therefore **ADOPTS** the same. Defendants' Motion to Dismiss (ECF No. 20) is hereby **GRANTED in part and DENIED** in part. Specifically, all claims against Defendants Alfred Marcus, Corby Free, and Tim Shoop are hereby **DISMISSED**. Additionally, any claims against Defendant Mike Davis are hereby **DISMISSED**, with the exception of Plaintiff's Section 1983 First Amendment and RLUIPA claims as to the denial of his kosher meal request.

**IT IS SO ORDERED**.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: March 11, 2024