IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER-MICHAEL
WILLIAMS,

        Plaintiff,

   v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION, et al.,

        Defendant.

Civil Action 2:23-cv-1042
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Joinder (Doc. 57), Motion to Amend the motion for joinder (Doc. 60), Motion to Amend Response (Doc. 59), and a discovery dispute (Docs. 54, 56, 62). For the following reasons, the Court **RECOMMENDS** Plaintiff's Motion for Joinder (Doc. 57) be **DENIED** and Plaintiff's Motion to Amend the motion for joinder (Doc. 60) be **DENIED as moot**. The Court also **DENIES** the Motion to Amend Response (Doc. 59) and **STRIKES** Doc. 58, Doc. 59, and Doc. 64 from the docket. Finally, the Court **ORDERS** Defendant to provide certification that he has provided Plaintiff with all the documents he has received that are in his possession, custody, and/or control and that pertain to the present matter regardless from whom they were sent **within seven (7) days**.

### I.    BACKGROUND

Plaintiff, who is currently incarcerated and acting *pro se*, filed this action on March 23, 2023. (Doc. 1). The Court previously allowed him to amend his original complaint. (*See* Docs. 14, 19 (Amended Complaint)). The operative complaint brought claims against four Defendants: religious services contractor Alfred Marcus, institutional inspector Corby Free, Warden Tim

Shoop, and religious services administrator Mike Davis. (Doc. 19 at 2). Plaintiff alleged that all Defendants violated his rights under Section 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") when his request to receive daily kosher meals was not approved. (Doc. 19 at 3–5 (explaining his request was recommended by Marcus to be denied but was not granted a final decision by Davis)). Plaintiff received vegetarian meals instead but says those meals do not accommodate his religion, House of Yahweh. (Doc. 19 at 13–14; *see also* Doc. 19-1). Plaintiff also claimed his work proscription and religious study accommodation requests were not approved, also in violation of his rights. (Doc. 19-2 at 7–8).

On Defendants' motion to dismiss (*see* Docs. 20, 23, 25, 26, 27), the Court dismissed all claims against Defendants Marcus, Free, and Shoop and all claims against Davis "with the exception of Plaintiff's Section 1983 First Amendment and RLUIPA claims as to the denial of his kosher meal request." (Doc. 32 at 5; *see also* Doc. 30 (report and recommendation on the motion to dismiss)). Now Plaintiff brings a motion to join claims and parties to this matter. (Doc. 57; *see* Doc. 60 (motion to amend joinder)). The motion for joinder is ripe for review. (*See* Docs. 57, 61, 63). The Undersigned also considers other matters currently pending on the docket. (*See* Docs. 51, 54, 56, 58, 59, 64).

## II.    STANDARD OF REVIEW

Two Federal Rules of Civil Procedure are relevant here. First, Rule 18 provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Second, Rule 15 provides "[a] party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1) (listing the circumstances for this amendment). But "[i]n all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.

2

R. Civ. P. 15(a)(2). When a party must seek leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." *Id.* This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of the pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *Sims v. Time Warner Cable Inc.*, No. 2:17-CV-631, 2018 WL 6427249, at *2 (S.D. Ohio Dec. 7, 2018) (citation omitted). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment and futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

#### A. Motion For Joinder and Motion to Amend

Plaintiff alleges that, though he was approved to receive a kosher meal during Passover this year, on April 28, 2024, he was told by a Jane Doe Aramark[1] employee that there were no Passover-proscribed kosher meals remaining. (Doc. 57 at 2). He says that he later saw another inmate "who is not under religious requirement to obtain kosher meals" walking out of the chow hall with a "regular" kosher meal. (*Id.*).

He blames his non-receipt of a Passover meal first on former-defendant Marcus because he "made sure Plaintiff did not receive the required meals" and "is responsible for the religious affairs here on the compound, [and he] failed to ensure that the required meals were present day in and day out." (*Id.* at 2, 3). Then, he claims Jane and John Doe Aramark employees and "Jane

---

[1] Aramark is a "private company that supplies services to multiple entities, including meals to prisons." (Doc. 61 at 1).

3

and John Doe of Prison staff" are responsible, for "fail[ing] to oversee the affairs of the Chow hall . . . to preserve the meals proscribe[d] for religious use." (*Id.* at 3). Plaintiff also describes an "additional issue" when Marcus did not serve on Plaintiff an approval for "Plaintiff to wear a 'Ten Commandments' Medallion." (*Id.* at 3). Plaintiff alleges these acts amount to a violation of his First Amendment rights under the U.S. Constitution, a violation of his rights under RLUIPA, and a breach of contract. (*Id.* at 4; *see also* Doc. 63 at 1–2).

The Undersigned first notes that Plaintiff brought this motion pursuant to Rule 18. (*See* Doc. 57 at 1). But Rule 18 specifically pertains to claims against an opposing party. Fed. R. Civ. P. 18(a). Defendant Davis is the only opposing party remaining in this action. Plaintiff's motion does not allege Defendant Davis was party to any of these new claims, only referencing him in passing as approving an accommodation request to wear a religious medallion. (*See* Doc. 57 at 3). What's more, Plaintiff's motion does not address the civil rules concerning the joinder of parties or explain how the requirements of those rules are satisfied. *See* Fed. R. Civ. P. 19, 20; *see also Cage v. Michigan*, No. 16-CV-11679, 2018 WL 3729062, at *1 (E.D. Mich. Aug. 6, 2018) ("Under [Rule 20], a plaintiff may not combine into one lawsuit unrelated claims against different defendants." (citation and internal quotation marks omitted)). Therefore, joinder under Rule 18, or any other joinder rule, is not appropriate.

Though Plaintiff styles his motion as one for joinder, the substance of the motion seeks to add claims and defendants to this action. In essence, he seeks to amend his complaint. *Gallant v. Cadogan*, No. 1:16-CV-00487, 2017 WL 3769332, at *3 (S.D. Ohio Aug. 29, 2017) ("[B]ecause plaintiff seeks to add allegations and new parties to the complaint, plaintiff's motions before the Court are properly construed together as a request for leave to amend the complaint under Fed. R. Civ. P. 15(a)."), *report and recommendation adopted*, No. 1:16-CV-487, 2018 WL 1562015 (S.D.

4

Ohio Mar. 31, 2018).  So, the Undersigned considers "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment and futility of the amendment."  *Foman*, 371 U.S. at 182.  "Amending would be futile if a proposed amendment would not survive a motion to dismiss."  *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014).

The claims in Plaintiff's operative complaint and the amended complaint both involve kosher meals but largely do not overlap:  The operative complaint alleges rights violations because Plaintiff is not receiving regular kosher meals on a day-to-day basis.  (*See generally* Doc. 19).  And, the amended complaint alleges rights violations because Plaintiff did not receive a Passover kosher meal in a particular instance when he was approved to receive one.  (*See generally* Doc. 57).  In other words, the amended complaint pertains to a new set of factual allegations that occurred well over a year after Plaintiff filed this lawsuit.  At base, Plaintiff alleges an unrelated cause of action against new Defendants and a previously-dismissed Defendant in the amended complaint.  (*Compare* Doc. 19 *with* Doc. 57).  And "[i]n reviewing a pro se prisoner's complaint, courts have generally held that '[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees[.]'"  *Gallant*, 2017 WL 3769332, at *3 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Even if the amended complaint were so related that justice required allowing Plaintiff to amend his complaint, Defendant argues that amending the complaint to include the new claims and defendants would be futile.  (*See* Doc. 61 at 2–5).  The Undersigned agrees.

5

Plaintiff alleges Chaplain Marcus violated his First Amendment and RLUIPA rights because he "failed to ensure that the required [kosher] meals were present day in and day out." (Doc. 57 at 2). But beyond gesturing to his belief that Marcus intentionally deprived him the Passover meal as a method of retaliating against him, Plaintiff does not connect any of Marcus's actions to the missing meal. (*See* Doc. 57 at 2–3). And Marcus's position as a religious supervisor "responsible for the religious affairs here on the compound" does not create liability. (Doc. 57 at 2). "[I]n § 1983 claims against a supervisory official, Plaintiff cannot rely on vicarious liability as a basis [for] the official's liability." *Crisp v. Neel-Wilson*, No. 2:15-CV-1265, 2015 WL 5882126, at *2 (S.D. Ohio Oct. 7, 2015). Rather, "Plaintiff must 'show that [the] supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct . . . or otherwise that he was 'personally involved in the events leading to Plaintiff's claim.'" *Id.* (citing *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 634–35 (6th Cir. 2013) (quoting *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008))). Plaintiff has alleged neither here. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted for these claims.

Plaintiff's amended complaint similarly attributes his missing Passover meal to Jane and John Doe Aramark employees and Jane and John Doe "Institutional Staff" members. (Doc. 57 at 4). But these allegations also fail to connect any of the Does' actions to the Passover allocated meal Plaintiff missed. Plaintiff's amended complaint details that the Jane and John Doe Aramark employees gave him the Passover kosher meal menu, informed him there were no meals left for him, and commented on another inmate's possession of a non-Passover kosher meal. (*Id.* at 2–3; *see also* Doc. 63 ("Aramark Defendant Jane [D]oe even stated to the Plaintiff that she 'allowed [the inmate] to leave with that meal because it was a regular kosher meal and not one for Passover.'")). But that seemingly ends their connection to these events. And of the institutional

6

staff Jane and John Does, Plaintiff merely states that they "failed to oversee the affairs of the Chow hall to see if there was proper security to preserve the meals proscribe[d] for religious use . . . ." (Doc. 57 at 3). Again, Plaintiff's claims fail to allege sufficient personal involvement on behalf of any Jane or John Doe that would give rise to liability for a constitutional violation. *See Crisp*, 2015 WL 5882126, at *2. And though Plaintiff argues that "it is simply self-evident" that staff was present when his Passover-proscribed meal was taken and says "there is no way that the inmates have access to food without the assistance" of staff, these allegations are, in the end, conclusory. (*See* Doc. 63 at 4).

More still, even if Plaintiff's isolated deprivation of a Passover kosher meal was attributable to these staff members, that would not violate his First Amendment or RLUIPA rights. *See, e.g.*, *Resch v. Rink*, No. 2:21-CV-227, 2022 WL 794849, at *4 (W.D. Mich. Mar. 16, 2022) (holding a plaintiff that was approved for but did not receive "Kosher-for-Passover meals" for three days did not sufficiently state a claim for violation of his First Amendment or RLUIPA rights) (collecting cases); *Greenberg v. Hill*, No. CIV.A. 2:07-CV-1076, 2009 WL 890521, at *8 (S.D. Ohio Mar. 31, 2009) ("[M]issing two Seder kosher meals over the course of several years is an isolated occurrence that does not qualify as a 'substantial burden' for purposes of RLUIPA . . . because plaintiff cannot establish a violation of RLUIPA, he cannot establish a violation of his rights under the Constitution."). Accordingly, these claims would likewise not survive a motion dismiss should Plaintiff's amendment be granted.

Finally, Plaintiff's amended complaint also states that Marcus did not serve on him an approved accommodation to "wear a 'Ten Commandments' Medallion . . . as required by his contract." (Doc. 57 at 3). It is unclear what federal right Plaintiff alleges Marcus violated with this action. To this extent this, or his claims involving meals, can be construed as a breach of

7

contract claim or as an allegation Marcus breached an employment policy, Section 1983 does not provide a mechanism for redress. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (quoting *Lewellen v. Metropolitan Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994), *cert. denied*, 513 U.S. 1112 (1995)) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate."); *Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) ("claims related to violations of prison policies do not state a constitutional violation"). As such, this allegation fails to state a claim for which relief can be granted.

In sum, even if justice required Plaintiff be allowed to amend his complaint, the amendment would be futile. Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Motion for Joinder be **DENIED** and his motion to amend the motion for joinder be **DENIED as moot**.

### B. Motion To Amend Response

Next, the Undersigned considers Plaintiff's Motion to Amend Response to Defendant's Answer to Complaint (Doc. 59). Previously, Plaintiff filed a response to Defendant's answer to the amended complaint. (Doc. 58). And, since filing this motion, Plaintiff has filed yet another response to Defendant's answer to complaint (Doc. 64). But the Federal Rules of Civil Procedure do not authorize these kinds of responses.

Federal Rule of Civil Procedure 7(a) "does not permit responses to answers unless the defendant raises a cross-claim, counter claim, or is otherwise ordered by the court." *Woodard v. Winters*, No. 2:16-CV-704, 2017 WL 529423, at *7 (S.D. Ohio Feb. 9, 2017). Defendant's Answer does not raise a cross-claim or counter claim, and the Court did not order Plaintiff to respond. (*See*

Doc. 51). Therefore, the Court **DENIES** Plaintiff's Motion (Doc. 59), and **STRIKES** the responses (Docs. 58, 64) and the motion to amend (Doc. 59) from the docket.

Although the Court acknowledges that Plaintiff is acting *pro se* in this matter, that fact does not absolve Plaintiff from following the Federal and Local Rules. Plaintiff is **WARNED** that the Court will not hesitate to strike from the docket any future filings that contravene the federal or local rules. *See Am. C.L. Union of Kentucky v. McCreary Cnty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010) (citation omitted) ("[A] district court has broad discretion to manage its docket."). To enable compliance, the Clerk is **DIRECTED** to send Plaintiff a copy of the Southern District of Ohio's guide for *pro se* civil litigants.

### C. Discovery Dispute

Lastly, the Undersigned turns to a discovery dispute between the parties over emails. On May 14, Plaintiff filed an objection to Defendant's response to his request for documents. (Doc. 54). From Defendant, Plaintiff requested: "Emails of the Institutional Chaplain of Chillicothe Correctional Institutions Chaplain Alfred Marcus that were sent to Religious Services Administrator Mike Davis in ODRC for the periods of January 1, 2022 to October 31, 2022." (Doc. 56 at 1). Defendant objected to the scope of the request as overly broad and irrelevant since Marcus is no longer a defendant in this matter. (*Id.*). But he purportedly still "provided Plaintiff with all the documents he has received that are in his possession, custody and/or control and that pertain to the present matter regardless from whom they were sent, including those sent to him by Chaplain Marcus." (*Id.* at 1–2 (listing the documents, including emails, provided to Plaintiff)). Plaintiff takes issue with Defendant's response and subsequent production. He calls the objection "baseless" and asserts Defendant is "hiding information material to proving Plaintiff[']s case against the Defendant." (Doc. 54 at 2). And he wants the Court to "compel the emails of

9

Defendant Davis in relation to his correspondence with Alfred Marcus." (Doc. 62 at 2). But Plaintiff provides no grounds for his belief that Defendant is holding something back. However, in an abundance of caution, the Court **ORDERS** Defendant to file a certification, by affidavit or the like, **within seven (7) days** that he has provided Plaintiff with all the documents he has received that are in his possession, custody, and/or control and that pertain to the present matter regardless from whom they were sent, including those sent to him by Chaplain Marcus.

IV. **CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS** Plaintiff's Motion for Joinder (Doc. 57) be **DENIED** and Plaintiff's Motion to Amend the motion for joinder (Doc. 60) be **DENIED as moot**. The Court also **DENIES** the Motion to Amend Response (Doc. 59) and **STRIKES** Doc. 58, Doc. 59, and Doc. 64 from the docket. Finally, the Court **ORDERS** Defendant to provide certification that he has provided Plaintiff with all the documents he has received that are in his possession, custody and/or control and that pertain to the present matter regardless from whom they were sent **within seven (7) days**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C.

§ 636(b)(1). The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      IT IS SO ORDERED.

Date: June 24, 2024                       /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE